UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23012-CIV-JEM

ROBERTO CALIMANO RODRIGUEZ, )
DANNY PEREZ DELGADO, )
MAIKEL SARRACENT ALDANA and )
All others similarly situated under 29 U.S.C. )
216(b), )
          Plaintiffs, )
  vs. )
RCH LAWN MAINTENANCE LLC, )
SETH HOROWYTZ, )
          Defendants, )

## PLAINTIFFS SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiffs, ROBERTO CALIMANO RODRIGUEZ, DANNY PEREZ DELGADO and MAIKEL SARRACENT ALDANA on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, RCH LAWN MAINTENANCE LLC, and SETH HOROWYTZ, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant RCH LAWN MAINTENANCE LLC is a limited liability company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period(s)").

4. The individual Defendant SETH HOROWYTZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

1

Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. SUCCESSOR LIABILITY

6. This Court has jurisdiction to continue to hear this case under the theory of successor liability pursuant to *Steinbach v. Hubbard*, 51 F.3d 843, 844 (9th Cir. Wash. 1995) (Successor liability exists under the Fair Labor Standards Act).

7. On or about October 2013 through until June 1, 2015 Plaintiff ROBERTO CALIMANO RODRIGUEZ worked for L.G. PROPERTY MAINTENANCE, INC.

8. On or about June 15, 2015, Plaintiff continued the same work; however, the company name was changed to RCH LAWN MAINTENANCE LLC.

9. RCH LAWN MAINTENANCE LLC was created to continue the business of L.G. PROPERTY MAINTENANCE, INC.

10. RCH LAWN MAINTENANCE LLC is a successor company of L.G. PROPERTY MAINTENANCE, INC, that operates as a mere continuation of the predecessor, as upon information and belief RCH LAWN MAINTENANCE LLC has the same management, same ownership, same business module, same employees, same equipment, and was only created after Defendants dissolved L.G. PROPERTY MAINTENANCE, INC and began paying employees under the name of RCH LAWN MAINTENANCE LLC.

11. Defendants created RCH LAWN MAINTENANCE LLC. in order to avoid the liabilities of L.G. PROPERTY MAINTENANCE, INC.

12. As such, RCH LAWN MAINTENANCE LLC is a successor corporation of L.G. PROPERTY MAINTENANCE, INC. In particular, RCH LAWN MAINTENANCE LLC

doing business is a "mere continuation" of its predecessor L.G. PROPERTY MAINTENANCE, INC.

13. Therefore, principles of equity require that RCH LAWN MAINTENANCE LLC be held liable for the overtime wage violations of L.G. PROPERTY MAINTENANCE, INC.

## COUNT II. FEDERAL OVERTIME WAGE VIOLATION

14. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees, who, like the Plaintiffs have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

16. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

17. Plaintiff ROBERTO CALIMANO RODRIGUEZ worked for L.G. PROPERTY MAINTENANCE, INC as a lawn maintenance worker from on or about October 22, 2013 through on or about June 1, 2015.

18. From on or about April 15, 2015 up to and including October 10, 2017, Plaintiff MAIKEL SARRACENT ALDANA was employed by Defendant RCH LAWN MAINTENANCE

3

LLC.

19. From on or about May 20, 2015 through the present and ongoing, Plaintiff DANNY PEREZ DELGADO worked for Defendant RCH LAWN MAINTENANCE LLC.

20. Plaintiff ROBERTO CALIMANO RODRIGUEZ worked for Defendants as a lawn maintenance worker from on or about June 1, 2015 through on or about May 24, 2017 under the now assumed name of RCH LAWN MAINTENANCE LLC.

21. Defendant RCH LAWN MAINTENANCE LLC's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant RCH LAWN MAINTENANCE LLC's business and the Plaintiff's work for Defendant RCH LAWN MAINTENANCE LLC affected in interstate commerce for the relevant time period. Plaintiff's work for Defendant RCH LAWN MAINTENANCE LLC affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendant RCH LAWN MAINTENANCE LLC to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant RCH LAWN MAINTENANCE LLC was actually in and/or so closely related to the movement of commerce while he worked for Defendant RCH LAWN MAINTENANCE LLC that the Fair Labor Standards Act applies to Plaintiffs' work for Defendant RCH LAWN MAINTENANCE LLC.

22. Additionally, Defendant RCH LAWN MAINTENANCE LLC regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant RCH LAWN MAINTENANCE LLC's business an enterprise covered under the Fair Labor Standards Act.

23. Upon information and belief, Defendant and Successor Corporation, RCH LAWN MAINTENANCE LLC had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

24. Upon information and belief, the Defendant and Successor Corporation, RCH LAWN MAINTENANCE LLC's gross sales or business done is expected to exceed $500,000 for the year 2017.

25. Upon information and belief, Defendants own approximately two (2) other lawn service and maintenance companies throughout South Florida and are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants and approximately two (2) other lawn service and maintenance companies throughout South Florida are performed through unified operation and/or common control, are being done for a common business purpose and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common business purpose.

26. Individual Defendant SETH HOROWYTZ was Plaintiffs individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

27. Between the period of on or about March 2006 through until June 1, 2015, Plaintiff ROBERTO CALIMANO RODRIGUEZ worked an average of 45 hours a week for L.G. PROPERTY MAINTENANCE, INC, of which an average of 5 overtime hours a week were spent travelling to and from Defendants' jobsites and to and from Defendants' place of business, and was paid an average of $13.00 per hour. Plaintiff was never paid the half time overtime rate for an average of 5 overtime hours a week travelling to and from Defendants' jobsites and to and from Defendants' place of business as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for an average of 5

5

overtime hours that he worked above 40 in a week spent travelling to and from Defendants' jobsites and to and from Defendants' place of business.

28. Between the period of on or about June 1, 2015 through on or about December 31, 2016, Plaintiff ROBERTO CALIMANO RODRIGUEZ worked an average of 57.5 hours per week for successor Defendants, RCH LAWN MAINTENANCE LLC, of which an average of 17.5 overtime hours per week were spent travelling to and from Defendants' jobsites and to and from Defendants' place of business, and was paid an average of $13.50 per hour. Plaintiff was never paid anything at all for an average of 12.5 overtime hours a week spent travelling to and from Defendants' jobsites and to and from Defendants' place of business as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 12.5 overtime hours that he worked above 40 in a week.

29. Between the period of on or about June 1, 2015 through on or about December 31, 2016, Plaintiff ROBERTO CALIMANO RODRIGUEZ worked an average of 57.5 hours a week for successor Defendants, RCH LAWN MAINTENANCE LLC, of which an average of 17.5 overtime hours a week travelling to and from Defendants' jobsites and to and from Defendants' place of business, and was paid an average of $13.50 per hour (except with respect to the above-referenced 12.5 hours). Plaintiff was never paid the half time overtime for an average of 5 overtime hours a week spent travelling to and from Defendants' jobsites and to and from Defendants' place of business as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for an average of 5 overtime hours that he worked above 40 in a week.

30. Between the period of on or about January 1, 2017 through on or about May 24, 2017, Plaintiff ROBERTO CALIMANO RODRIGUEZ worked an average of 63.5 hours a week

for successor Defendants, RCH LAWN MAINTENANCE LLC, of which an average of 23.5 overtime hours a week travelling to and from Defendants' jobsites and to and from Defendants' place of business, and was paid an average of $13.50 per hour. Plaintiff was never paid anything at all for an average of 12.5 overtime hours a week spent travelling to and from Defendants' jobsites and to and from Defendants' place of business as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 12.5 overtime hours that he worked above 40 in a week.

31. Between the period of on or about January 1, 2017 through on or about May 24, 2017, Plaintiff ROBERTO CALIMANO RODRIGUEZ worked an average of 63.5 hours a week for successor Defendants, RCH LAWN MAINTENANCE LLC, of which an average of 23.5 overtime hours a week were spent travelling to and from Defendants' jobsites and to and from Defendants' place of business, and was paid an average of $13.50 per hour (except with respect to the above-referenced 12.5 hours). Plaintiff was never paid the half time overtime for an average of 11 overtime hours a week spent travelling to and from Defendants' jobsites and to and from Defendants' place of business as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for an average of 11 overtime hours that he worked above 40 in a week.

32. Between the period of on or about May 20, 2015 and the present, Plaintiff DANNY PEREZ DELGADO worked, on average, between 56 and 60 hours per week of which an average of 15 overtime hours a week were spent conducting normal job functions, as well as travelling to and from Defendants' jobsites and to and from Defendants' place of business, and was paid an average of $15.00 per hour. Plaintiff, though working between 56 and 60 hours per week, was never paid for any hours worked in excess of 50 per week, and thus seeks time and one-half damages for those

7

hours worked. For the 10 hours of overtime per week that Plaintiff was paid, he was never paid the extra half time wage as required by the Fair Labor Standards Act, and thus seeks one-half damages for those hours worked.

33. Between the period of on or about April 15, 2015 up to and including October 10, 2017, Plaintiff MAIKEL SARRACENT ALDANA worked, on average, between 64 and 69 hours per week. Plaintiff was paid with two separate checks every week; the first of which (payments for 40 hours of work) was from a payroll account and the second was from a separate account. The second check was made to satisfy hours worked in excess of 40. However, the second check often did not incorporate the correct amount of hours worked and never incorporated the increased time and one half rate. For any overtime work that Plaintiff was paid, he was never paid the extra half time wage as required by the Fair Labor Standards Act, and thus seeks half time damages for those hours worked. Plaintiff reserves the right to seek time and one half damages regarding the overtime hours, to the extent discovery shows any overtime hours went completely unpaid.

34. Defendants, RCH LAWN MAINTENANCE LLC and SETH HOROWYTZ, willfully and intentionally refused to pay Plaintiffs overtime wages as is required by the Fair Labor Standards Act. Defendants, RCH LAWN MAINTENANCE LLC and SETH HOROWYTZ, knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act. Defendants, RCH LAWN MAINTENANCE LLC and SETH HOROWYTZ, remain owing Plaintiffs the wages referenced herein for the above specified period of time.

**Wherefore**, the Plaintiffs request double damages and reasonable attorney fees from Defendants, RCH LAWN MAINTENANCE LLC, and SETH HOROWYTZ, jointly and

severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants RCH LAWN MAINTENANCE LLC, and SETH HOROWYTZ or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                                    Respectfully Submitted,

                                    J.H. Zidell, Esq.
                                    J.H. Zidell, P.A.
                                    Attorney For Plaintiff
                                    300 71st Street, Suite 605
                                    Miami Beach, Florida 33141
                                    Tel: (305) 865-6766
                                    Fax: (305) 865-7167
                                    Email: ZABOGADO@AOL.COM
                                    By:  /s/ J.H. Zidell
                                            J.H. Zidell, Esq.
                                    Florida Bar Number: 0010121