UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-23012-JEM (Martinez / Otazo-Reyes)

ROBERTO CALIMANO RODRIGUEZ,
DANNY PEREZ DELGADO, MAIKEL
SARRACENT ALDANA, and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

RCH LAWN MAINTENANCE LLC,
SETH HOROWYTZ,

    Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, RCH LAWN MAINTENANCE LLC and SETH HOROWYTZ, by and through undersigned counsel, pursuant to S.D. Fla. L.R. 7.1.C, hereby file their Reply in Support of Motion for Leave to Amend Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, and state as follows:

Plaintiffs' response to Defendants' motion is unavailing. In support of their argument, plaintiffs cite to *Diaz v. Jaguar Restaurant Group, LLC*, 627 F.3d 1212 (11th Cir. 2010), however, this case is factually different. In *Diaz*, the Court indicated:

> The district court erred in finding that the administrative exemption issue was tried by implied consent and in thereby allowing Jaguar to amend its Answer. That issue was not tried by implied consent as Diaz's testimony was *relevant to another defense* in the case: *Jaguar's independent contractor defense.* "The introduction of evidence arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entering the case." … *Diaz's*

> *testimony was relevant to counter Jaguar's independent contractor defense*, and she clearly was not seeking to raise the administrative exemption as a new issue. Further, we cannot conclude that her testimony was "much more strongly relevant" to the administrative exemption than to the independent contractor defense, which **could be** construed as notice of a new issue. *See United States f/u/b/o Seminole Sheet Metal Co. v. SCI, Inc*., 828 F.2d 671, 677 (11th Cir. 1987).

*Diaz*, 627 F.3d 1212, 1215 (11th Cir. 2010)(emphasis added).

In opposing defendants' motion for leave to amend, plaintiffs do not deny that the evidence concerning the issue of Delgado's potential exemption status is new. Instead, plaintiffs claim that they "were just now put on notice" of defendants' defense and request that this Court "find that the affirmative defense is untimely and subject to waiver" similar to the holding in *Diaz*. But *Diaz* decided only that the introduction of issues arguably relevant to pleaded issues cannot serve to give a party fair notice that new issues are entering the case *because* Diaz's testimony was relevant to *counter another defense*, facts that are vastly different from those presented here. The testimony given by Seth Horowytz was "much more strongly relevant" to the theory that Delgado was exempt pursuant to the executive exemption than to any other reason in the case. The testimony of Delgado's status as a salaried supervisor tended to counter plaintiffs' theory that Delgado was not properly paid overtime. There was just no other reason for this evidence and this should have been apparent to plaintiffs' counsel. *See United States f/u/b/o Seminole Sheet Metal Co.,* 828 F.2d 671, 677 (11th Cir. 1987) citing *Wallin v. Fuller*, 476 F.2d 1204, 1210 (5th Cir. 1973).

Plaintiffs also claim that they will not have enough time to conduct meaningful discovery regarding this affirmative defense, alleging that the whole trial calendar will have to be reset and plaintiffs will need to conduct depositions of additional witnesses. This argument is unpersuasive as all the relevant parties have *already* been deposed and plaintiffs themselves have *already*

2

indicated that Delgado *was* a foreman for a period of time, highlighting Delgado's job duties relevant to his capacity as a salaried supervisor and to his potential exemption status. Plaintiffs' motion indicates that Horowytz brought this exemption to light more than a year ago at his deposition in a sister case, as well as in his January 2018 deposition in the current case. There is clearly no question that plaintiffs' counsel *was* on notice of this issue. The purpose of Rule 8(c) is "to provide notice of a defense and an opportunity to rebut it." *Grant v. Preferred Research, Inc.*, 885 F.2d 795 (11th Cir. 1989) citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313,350 (1971). Plaintiffs had ample notice that defendants believed that Delgado was an exempt salaried employee and simply chose not to rebut the evidence provided by defendants, instead offering evidence *in support* of defendants' beliefs. Any failure to conduct additional discovery on this topic is solely the result of plaintiffs' own inaction and defendants should not be penalized for plaintiffs' inaction. As such, "[w]hen a plaintiff has notice that an affirmative defense will be raised at trial, the failure of the defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue." *Daniec v. Boatarama, Inc.*, 2012 WL 13005793 (S.D. Fla. 2012)("Thus, a defendant may raise an affirmative defense for the first time on a motion for summary judgment, in motions immediately prior to trial, at pre-trial conference, or even at trial.") citing *Hewitt v. Mobile Research Technology, Inc.*, 2008 WL 2808926 (11th Cir. 2008); *Grant*, 885 F.2d 795 (11th Cir. 1989)("Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, "the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice."); *Jones v. Miles*, 656 F.2d 103, 107 n. 7 (5th Cir. 1981)("Neglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute waiver when there is no claim of surprise."); *Steger v. General Electric Co.*, 318 F.3d 1066 (11th Cir. 2003)(district

3

court did not err by allowing evidence of affirmative defense at trial that was raised for the first time at pre-trial conference); *Continental Cas. Co. v. First Financial Employee Leasing, Inc*., 716 F.Supp.2d 1176, 1185 n.16 (M.D. Fla. 2010)(Court granted request to amend answer where defendant alleged no unfair surprise and no prejudice other than the cost of discovery).

For the reasons set forth herein, and in defendants' motion, defendants respectfully request that this Court grant their motion for leave to amend, enter an order deeming filed defendants' amended answer and affirmative defenses, and taking such other further action as is just and proper.

Dated:   July 13, 2018                              Respectfully submitted,
         Boca Raton, FL

                                                    *s/ Daniel R. Levine*
                                                    DANIEL R. LEVINE, ESQ.
                                                    Florida Bar No. 0057861
                                                    E-mail:   DRL@PBL-Law.com
                                                    PADULA BENNARDO LEVINE, LLP
                                                    3837 NW Boca Raton Blvd., Suite 200
                                                    Boca Raton, FL  33431
                                                    Telephone:    (561) 544-8900
                                                    Facsimile:    (561) 544-8999
                                                    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Roberto Calimano Rodriguez v. RCH Lawn Maintenance LLC, et al.*
Case No. 1:17-cv-23012-JEM   (Martinez / Otazo-Reyes)
United States District Court, Southern District of Florida

| | |
|---|---|
| Jamie H. Zidell, Esquire<br>E-Mail: Zabogado@aol.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Telephone:       (305) 865-6766<br>Facsimile:         (305) 865-7167<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail: DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:       (561) 544-8900<br>Facsimile:         (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |
| K. David Kelly, Esquire<br>E-Mail: david.kelly38@rocketmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Telephone:       (305) 865-6766<br>Facsimile:         (305) 865-7167<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Adam Berman, Esquire<br>E-Mail: ajberman.jhzidell@gmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Telephone:       (305) 865-6766<br>Facsimile:         (305) 865-7167<br>Counsel for Plaintiffs<br>*Via CM/ECF* |
| Bruno A. Garofalo, Esquire<br>E-Mail: bruno.garolfalo.esq@gmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Sutie 605<br>Miami Beach, FL  33141<br>Telephone:       (305) 865-6766<br>Facsimile:         (305) 865-7167<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Alejandro G. Martinez-Maldonado, Esquire<br>E-Mail: Martinez.zidelllaw@gmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Telephone:       (305) 865-6766<br>Facsimile:         (305) 865-7167<br>Counsel for Plaintiffs<br>*Via CM/ECF* |

|  |  |
|---|---|
| Natalie Staroschak, Esquire<br>E-Mail:  nstar.zidellpa@gmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Telephone:         (305) 865-6766<br>Facsimile:           (305) 865-7167<br>Counsel for Plaintiffs<br>*Via CM/ECF* |  |